IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMERICA BANK | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10 CV 3767 |
| | ) |
| THERESA GOSNELL d/b/a PETLAND LANSING | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION FOR DEFAULT, DEFAULT JUDGMENT AND JUDGMENT OF REPLEVIN

COMERICA BANK ("Comerica"), by its attorneys, and pursuant to FEDERAL RULE OF CIVIL PROCEDURE 55(a) & (b)(2) and 735 ILCS 5/19-101 et seq, moves this Court for the entry of an Order of Default, a Default Judgment and a Judgment of Replevin against the above-named defendant. In support of its motion, Comerica states as follows:

1. On June 17, 2010, Comerica filed its Complaint for Breach of Contract and Replevin (the "Complaint") seeking recovery for breach of a promissory note and the return of certain collateral which secured the promissory note. The Complaint also sought to recover accruing interest, attorneys' fees and costs. A copy of the Complaint is attached as **Exhibit A**.

2. On June 26, 2010, Theresa Gosnell was served with process and a copy of the Complaint. A copy of the Affidavit of Service is attached as **Exhibit B.**

3. Under FEDERAL RULE OF CIVIL PROCEDURE 12(a)(1)(A)(i), the defendant had twenty one (21) days within which to answer or otherwise plead to the Complaint.

4. Accordingly, defendant Theresa Gosnell had until July 17, 2010 to answer or otherwise plead in response to the Complaint.

5. To date, Theresa Gosnell has failed to appear in this matter or to file an answer or otherwise plead in response to the Complaint within the time allowed by law.

6. As a result of Theresa Gosnell's failure to appear, answer or otherwise plead in response to the Complaint, the allegations of the Complaint are deemed true. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994); *N.L.R.B v. Dane County Dairy*, 795 F.2d 1313, 1323 (7th Cir. 1986).

7. Attached as **Exhibit C** is the Affidavit of Charles E. Prack setting forth the amounts due and owing to Comerica by Theresa Gosnell, as of July 29, 2010. As of July 29, 2010, $342,077.17 is due and owing.

8. The Promissory Note referenced in the Complaint provides that Comerica may recover reasonable attorney's fees and costs it incurs in seeking to collect amounts due and owing under the Note. See Note, Exhibit A attached to the Complaint, at p. 3 of 6, paragraph 6 "Lenders General Powers," subparagraph B.

9. As of June 24, 2010, Comerica has accrued attorneys' fees and costs of $3,296.99 in enforcing the Note. Attached as **Exhibit D**, is the Affidavit of Kurt M. Carlson in support of attorneys' fees and costs as of June 24, 2010.

**WHEREFORE**, COMERICA BANK, respectfully requests that the Court enter an Order against the Defendant as follows:

A. Finding the Defendant in default for failing to timely answer or otherwise plead in response to the complaint;

B. Finding that the allegations of the complaint are deemed admitted as to Theresa Gosnell;

C. Entering a default judgment against Theresa Gosnell in the amount of $342,077.17 plus attorneys' fees and costs of $3,296.99 plus accruing interest from July 29, 2010 at a per diem rate of $46.44 through the date of judgment, plus additional attorneys' fees and costs.

D. Entering a Judgment of Replevin for the collateral describe in the Complaint.

E. For such other relief as this Court deems just and proper.

Respectfully Submitted,

**COMERICA BANK,**

*/s/ Martin J. Wasserman*
By one of its attorneys

Kurt M. Carlson (ARDC # 6236568)
Martin J. Wasserman (ARDC #6294040)
**MUCH SHELIST DENENBERG
AMENT & RUBENSTEIN, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606-1615
312.521.2000 (telephone)
312.521.2100 (fax)